MALLORY v CONIDA WAREHOUSES, INC

MICHIGAN MILLERS MUTUAL INSURANCE COMPANY, INC v
BLOUNT AGRICULTURE DIVISION OF J P BURROUGHS & SON,
INC

Docket Nos. 52235, 52786. Submitted December 3, 1981, at Lansing.—
Decided February 17, 1982.

Conida Warehouses, Inc., a Connecticut corporation with its
principal place of business in Idaho, entered into a contract
with C & B Cattle Company, and Idaho co-partnership, whereby
C & B would grow kidney bean seeds for Conida. While grow-
ing, the kidney bean seeds were inspected by the State of
Idaho. Some of the bean seeds were sold by Conida to Larry
Mallory and Nestle Farms, Michigan growers. Conida also sold
some of the bean seeds to Blount Agriculture Division of J. P.
Burroughs & Son, Inc., which in turn sold the bean seeds to
Breckenridge-Wheeler Co-op, Inc., a Michigan business. The
bean seeds turned out to be infected with halo blight.

Larry Mallory and Nestle Farms commenced an action in
Gratiot Circuit Court against Conida Warehouses, which in
turn brought a third-party action against C & B Cattle Com-
pany and the State of Idaho. Randy L. Tahvonen, J., found that
the actions of agencies of the State of Idaho in inspecting the
beans in accordance with Idaho's statutory policy to improve
Idaho's national bean business, coupled with Idaho's national
advertising campaign featuring the fact that Idaho beans were
inspected, constituted acts sufficient to provide minimum con-
tacts with Michigan and bring the State of Idaho within the
reach of Michigan's statutory long-arm jurisdiction. Judge Tah-
vonen further held that the action against Idaho was not
barred by the doctrines of comity or sovereign immunity. The
State of Idaho appealed by leave granted.

Michigan Millers Mutual Insurance Company, Inc., as subro-
gee of Breckenridge-Wheeler Co-op, Inc., brought an action in

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 103.
[2] 3 Am Jur 2d, Agency § 1.
[3, 4] 20 Am Jur 2d, Courts §§ 146, 146.3
   62 Am Jur 2d, Process § 46.

Saginaw Circuit Court against Blount Agriculture Division of J. P. Burroughs & Son, Inc., and Conida Warehouses, Inc. Blount brought a cross-claim against Conida. Conida brought a third-party action against C & B Cattle Company and the State of Idaho. Gary R. McDonald, J., found that the State of Idaho had insufficient contacts in Michigan to justify Michigan long-arm jurisdiction over the State of Idaho. Conida appealed.

These appeals, raising the common question of whether the State of Idaho is subject to Michigan long-arm jurisdiction, were consolidated for decision. *Held:*

1. The acts of the agencies of the State of Idaho relative to promoting that state's beans, encouraging research and development of better beans, taxing bean growers and distributors, inspecting beans grown within that state and banning the sale of diseased beans do not make the State of Idaho an agent of the bean growers and distributors within the meaning of the Michigan long-arm statute.

2. As a matter of public policy, Michigan long-arm jurisdiction should not encompass actions against a sister state based on claims arising out of acts undertaken by the sister state's agencies and commissions relative to the regulation of agricultural products grown in such sister state.

Affirmed in No. 52786, reversed in No. 52235.

1. COURTS — CIRCUIT COURTS — JURISDICTION.

A statutory court, such as the circuit court, has only such jurisdiction as is bestowed by statute; where there is an affirmative statutory description of the jurisdiction which may be exercised, there is an implication that the court lacks jurisdiction in other cases.

2. WORDS AND PHRASES — AGENTS — AGENCY.

An agent is one who acts for or represents another by the authority of such other person; the existence of an agency relationship is determined by the relations of the parties, with the test being whether there is a right to control the actions of the agent.

3. COURTS — JURISDICTION — LONG-ARM STATUTE — AGENTS — SISTER STATE.

A commission or department of a sister state empowered to promote an agricultural product of that state, to encourage research and development of a better agricultural product, to tax the growers and distributors of such agricultural product and to inspect agricultural products for plant diseases and prohibit from sale infected agricultural products does not

thereby become an agent, within the meaning of the Michigan long-arm statute, of the growers or dealers of such agricultural products of such state so as to permit Michigan long-arm jurisdiction over such sister state on the basis of the agency provisions of the Michigan long-arm statute (MCL 600.705, 600.715, 600.725, 600.735; MSA 27A.705, 27A.715, 27A.725, 27A.735).

4. COURTS — JURISDICTION — LONG-ARM STATUTE — SISTER STATE.

Michigan long-arm jurisdiction, as a matter of public policy, should not be exercised so as to make a sister state a party to litigation in Michigan courts on claims arising out of actions undertaken by agencies and commissions of such sister state empowered with the regulation of the agricultural products of such sister state.

*Smith & Brooker, P. C.,* for Conida Warehouses, Inc.

*Moffatt, Thomas, Barrett & Blanton Chartered* (by *Donald J. Farley*), and *Fraser, Trebilcock, Davis & Foster, P. C.* (by *Joel E. Dowley*), for the State of Idaho.

Before: V. J. BRENNAN, P.J., and ALLEN and T. C. MEGARGLE,* JJ.

ALLEN, J. May the State of Idaho be sued in a Michigan court for negligently inspecting kidney beans grown in Idaho? Two Michigan circuit courts have answered this question differently and appeals from those cases have been consolidated in this Court.

The two cases before this Court on interlocutory appeals arise out of a kidney bean seed growing arrangement in Idaho. Conida Warehouses, Inc., a Connecticut corporation with its principal place of business in Idaho, contracted with C & B Cattle Company, an Idaho partnership. Under that agree-

* Circuit judge, sitting on the Court of Appeals by assignment.

ment, C & B grew kidney bean seeds for Conida. While growing, the beans were inspected by the State of Idaho. The bean seeds were shipped to Michigan by Conida and sold to Michigan farmers. Larry Mallory and Nestle Farms, plaintiffs in case no. 52235, are growers who purchased beans from Conida. Michigan Millers Mutual Insurance, plaintiff in case no. 52786, is the subrogee of Breckenridge-Wheeler Co-op, Inc., which purchased beans from Blount Agriculture Division of J. P. Burroughs & Son, Inc., which had purchased the beans from Conida. It was discovered that the beans grown by C & B, inspected by Idaho, and sold by Conida were infected with halo blight. Idaho was made a party in both cases after Conida filed a third-party action against it.

The record before us indicates that Idaho inspected the beans pursuant to a statutory policy aimed at improving Idaho's national bean business. In addition to inspecting beans, the state had embarked on a small-scale national advertising campaign, which featured the fact that Idaho beans are inspected. There is no evidence in the record that the plaintiffs in this case were aware of the national advertising campaign or had any contact with the campaign at all.

In carefully thought out opinions, two Michigan circuit court judges disagreed over whether Idaho could be sued in Michigan. In case no. 52786, the Saginaw County Circuit Court found that there were insufficient contacts in Michigan and that Idaho had not purposefully availed itself of the privilege of doing business in Michigan. The court held that it had no long-arm jurisdiction over the State of Idaho. The court did not address the questions of sovereign immunity or comity, as they were unnecessary to the disposition of the case.

In case no. 52235, the Gratiot County Circuit Court found that Idaho had caused consequences to occur in Michigan and so was subject to long-arm jurisdiction under the statute, that there were sufficient minimum contacts with Michigan to meet the demands of the Due Process Clause of the Fourteenth Amendment, and that there was no bar to the suit under the doctrines of comity or sovereign immunity.

Before any constitutional considerations are considered, it is necessary to determine whether Michigan has a statutory basis for exercising long-arm jurisdiction over the State of Idaho. Long-arm jurisdiction over nonresident tortfeasors is established in Michigan under four statutes. MCL 600.705; MSA 27A.705 permits a Michigan plaintiff to sue an individual or his agent when any of seven circumstances occur. Among those circumstances is "[t]he doing or causing an act to be done, or consequences to occur" in Michigan resulting in an action for tort. MCL 600.705(2); MSA 27A.705(2). Section 715 of the Revised Judicature Act permits suit against a corporation or its agent under most of the same circumstances, including subsection 2. Similarly, § 725 permits long-arm jurisdiction over partnerships for any of the reasons set forth in § 715, and § 735 allows suit in the same circumstances against a partnership association or an unincorporated voluntary association, or an agent thereof, providing any of the same circumstances are involved.

None of these statutes expressly permits a Michigan court to exercise long-arm jurisdiction over another state. A court created by statute, such as the circuit court, has only such jurisdiction that is bestowed by statute. *Sheldon v Sill* 49 US 441, 449; 12 L Ed 1147 (1850). Where there is an affirmative

statutory description of jurisdiction that may be exercised, there is an implication that the court lacks jurisdiction in other cases. *Luyk v Hertel,* 242 Mich 445, 447; 219 NW 721 (1928).

If this Court is to find that Michigan courts can exercise long-arm jurisdiction over the State of Idaho, we must find that Idaho was acting as the agent of Conida when it undertook the task of inspecting beans. If we so find, then Idaho may be haled into court, under MCL 600.715; MSA 27A.715, unless some other considerations prevent it.

An agent, in the broadest sense of the word, is one who acts for or represents another by his authority. *Saums v Parfet,* 270 Mich 165, 170; 258 NW 235 (1935). Whether an agency exists is determined by the relations of the parties. *Id.* The test of whether an agency has been created is whether there is a right to control the actions of the agent. *Kircos v Lola Cars, Ltd,* 97 Mich App 379, 387; 296 NW2d 32 (1980), *Birou v Thompson-Brown Co,* 67 Mich App 502, 507; 241 NW2d 265 (1976).

In *Kircos, supra,* this Court examined the relationship between an individual and a corporation for purposes of determining whether there was long-arm jurisdiction and found that, where there was no control of the methods or of the result of the work, no agency existed. Applying the same analysis to the case at bar, we find that no agency relationship exists between Idaho bean growers and the State of Idaho when Idaho undertakes the task of inspecting beans for export to other states.

The Idaho legislature has undertaken the promotion of Idaho beans by establishing the Idaho Bean Commission, which has powers to advertise beans nationally, to encourage research and development of better beans, and to tax bean growers

and distributors to fund these tasks. Idaho Code, 22-2911 *et seq.* Inspection of beans, however, is relegated to a different state agency, the Idaho Department of Agriculture having the duty and power to inspect for plant diseases. Idaho Code 22-103(22). Further, the sale of infected seeds is prohibited. Idaho Code 22-416. It is the sale of beans that allegedly had been faultily inspected that led to these lawsuits.

We do not believe the legislative scheme makes the Idaho Bean Commission or the State of Idaho an agent of Idaho bean growers and dealers. Nothing in the statutory scheme gives the growers or dealers the power to control the state. Indeed, the statutes vest in the Idaho Department of Agriculture the power to regulate and control some of the activities of the growers and dealers.

One reason for extending long-arm jurisdiction to corporations whose agents have caused consequences' to occur in Michigan is to prohibit a corporation from escaping responsibility for tortious acts by hiding behind its agent. Here, where the State of Idaho is not an agent of the bean growers but in fact exercises control over them, it would be anomalous to apply similar reasoning and find the State of Idaho liable.

Conida argues, however, that the Michigan Supreme Court has expressed the opinion that the Legislature intended to extend long-arm jurisdiction to the fullest extent possible under the constitution. While it is true that in *Sifers v Horen,* 385 Mich 195; 188 NW2d 623 (1971), the Court did indicate that the Legislature intended full expansion of long-arm jurisdiction, *Sifers* was a case that clearly involved an individual, and the only question before the Court was whether one of the statutory criteria was 'met. In these consolidated

cases, however, we must decide whether a sister state was intended to be covered under the provisions for suits against individuals, corporations, partnerships and voluntary associations or their agents.

The State of Michigan, like the State of Idaho, has a bean commission, as well as numerous commissions regulating Michigan agricultural products.[1] We do not believe that the Michigan Legislature intended to subject this state to suit in other states when it established these commissions for the promotion of state products. As a matter of policy, we believe it wise to decline to exercise jurisdiction over another state's similar agencies. For this reason, and for the reasons discussed *supra,* we do not believe that the Legislature intended, by the enactment of the various long-arm jurisdiction statutes, to permit a suit in a Michigan court against a sister state.

Accordingly, we hold that the State of Idaho is not subject to the long-arm jurisdiction of the Michigan courts under MCL 600.715(2); MSA 27A.715(2). In so doing, we observe that Michigan farmers are not without a remedy. Their actions against C & B Cattle Company, the grower, and Conida, the seller of the diseased beans, may be maintained in Michigan. Should C & B and Conida, neither of whom are Michigan concerns, desire to sue the State of Idaho in Idaho courts, they are free to do so. Idaho Code § 6-903. We observe that an Idaho forum will be more convenient for the resolution of any issues regarding the inspection, as all acts relevant to inspection occurred in Idaho and Conida and C & B Cattle are doing business there.

---

[1] The state apple commission, bean commission, cherry commission, and potato council are under the authority of the Michigan Department of Agriculture. MCL 16.283; MSA 3.29(183).

As we have determined on statutory grounds that Michigan courts lack jurisdiction over the State of Idaho, it is unnecessary to determine whether the facts of this consolidated case meet the "minimum contacts" test of the Due Process Clause of the Fourteenth Amendment which is the necessary prerequisite to the assertion of jurisdiction over an out-of-state defendant, *World-Wide Volkswagen Corp v Woodson,* 444 US 286; 100 S Ct 559; 62 L Ed 2d 490 (1980), or whether, as a matter of comity and cooperative federalism, the suit should continue. Even if the "minimum contacts" test is met, this being the issue on which the two circuit judges reached opposite conclusions, suit may not be entertained unless the State of Idaho is in fact an agent of the bean seed grower. Lacking the statutory authority to entertain this action, Michigan courts need not consider any constitutional bars to the exercise of jurisdiction.

The determination in case no. 52786 is affirmed. The determination in case no. 52235 is reversed. Both cases are remanded for further proceedings. No costs, a question of public importance being involved.