ANSPACH v CITY OF LIVONIA

Docket Nos. 69837, 71680. Submitted April 9, 1984, at Detroit.—
Decided February 4, 1985.

Plaintiff, Joyce Anspach, brought an action alleging sex discrimi-
nation against defendants, City of Livonia, James McCann, a
16th District Court Judge, and another, in the Wayne Circuit
Court. Plaintiff alleged that she applied for a position as a
court officer of the 16th District Court, that she met or ex-
ceeded all of the qualifications for the job and that she was not
hired solely or in part because of her sex. The court, Harold M.
Ryan, J., granted summary judgment for defendant City of
Livonia, holding that employees of the district court are em-
ployees of the judicial district and not of the city. Plaintiff
appealed. The court also granted summary judgment for defen-
dant McCann, ruling that as a matter of law plaintiff was not
qualified for the position of court officer. Plaintiff appealed. The
appeals were consolidated by the Court of Appeals. *Held:*

1. A motion for summary judgment based on failure to state
a claim upon which relief may be granted tests the legal
sufficiency of the complaint and is to be evaluated on the
pleadings alone, taking as true the factual allegations of the
complaint along with any inferences or conclusions which may
be fairly drawn therefrom. Unless the claim is so clearly
unenforceable as a matter of law that no factual development
could possibly justify recovery, the motion should be denied.
Allegations that plaintiff applied for an available position for
which she was qualified and was rejected by defendant on the
basis of sex state a prima facie case of discrimination under the
Elliott-Larsen Civil Rights Act. The court erred in granting
summary judgment for defendant McCann. The court also
erred in finding that plaintiff was not qualified as a matter of

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading § 230 *et seq.*
[2] 15 Am Jur 2d, Civil Rights §§ 154, 158, 161.
Sex discrimination—Supreme Court cases. 27 L Ed 2d 935.
Application of state law to sex discrimination in employment. 87
ALR3d 93.
[3] 63A Am Jur 2d, Public Officers and Employees § 24.

law. The entire record discloses a question of fact as to whether or not plaintiff was qualified for the position.

2. Employees of the district court are employees of the judicial district, they are not employees of the county, city or other district control unit, even though they are paid by the district control unit. Summary judgment for the City of Livonia was proper.

Affirmed in part and reversed in part.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment based on failure to state a claim upon which relief may be granted tests the legal sufficiency of the complaint and is to be evaluated on the pleadings alone, taking as true the factual allegations of the complaint along with any inferences or conclusions which may be fairly drawn therefrom; unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should be denied (GCR 1963, 117.2[1]).

2. CIVIL RIGHTS — SEX DISCRIMINATION — PLEADINGS.

Allegations that plaintiff applied for an available position for which she was qualified and was rejected by defendant on the basis of sex state a prima facie case of discrimination under the Elliott-Larsen Civil Rights Act (MCL 37.2202; MSA 3.548[202]).

3. COURTS — DISTRICT COURT — EMPLOYEES — MUNICIPAL CORPORATIONS.

Employees of the district court are employees of the judicial district, they are not employees of the county, city or other district control unit, even though they are paid by the district control unit.

*Prather & Harrington, P.C.* (by *James J. Harrington),* for plaintiff.

*Kitch, Suhrheinrich, Saurbier & Drutchas, P.C.* (by *Mark D. Willmarth* and *Susan Healy Zitterman),* for defendant James McCann.

*Harry C. Tatigian,* City Attorney, for defendant City of Livonia.

Before: Hood, P.J., and M. J. Kelly and R. C. Livo,* JJ.

R. C. Livo, J. Plaintiff appeals as of right from circuit court orders of summary judgment dismissing plaintiff's complaint for sex discrimination against defendant City of Livonia (Docket No. 69837) and defendant McCann (Docket No. 71680).

Plaintiff alleged that on September 17, 1982, she applied for a position as a court officer with the 16th District Court, located in the City of Livonia. The required qualifications for the position, as appeared in a newspaper advertisement and as stated in plaintiff's complaint, were:

" 'Court Officer' High School graduate with at least six months law enforcement experience or equivalent. Position requires ability to handle diverse clerical duties including organization of court dockets. Skill in handling prisoners and working with public mandatory. Interested persons can obtain applications from Administration Office, 16th District Court, 15140 Farmington Road, Livonia, Michigan."

Plaintiff averred that she "met or exceeded" all relevant criteria for the court officer position.

On September 22, 1982, plaintiff was granted an interview and was invited back for a second interview on October 5, 1982. Plaintiff alleged that she was the only female of the five applicants selected as finalists and designated for the final interview on October 5, 1982. Defendant James McCann, 16th District Court Judge, conducted the final interview on October 5, 1982 and, according to plaintiff, allegedly stated: "I have a real problem hiring a woman for this position." Plaintiff alleged that she was not hired for the court officer position on October 5, 1982, solely or in part because of her

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sex. Plaintiff also alleged that, subsequent to October 5, 1982, the court officer position became open a second time. Plaintiff claimed that she was the most qualified person for the job and again was not hired because of her sex.

Plaintiff alleged that defendant City of Livonia shared joint responsibility for direction, control, and supervision of the hiring process with the State of Michigan and its agency or political subdivision, the 16th District Court, and the ultimate responsibility for filling the court officer position was delegated by the city and state to Judge McCann. Plaintiff's complaint alleged violations of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.,* in that the City of Livonia, through its agent and representative Judge McCann, had implemented a policy of only hiring males for the court officer position, considered sex as a factor in evaluating candidates for the court officer position, and attempted to discourage female applicants through its undue emphasis upon "skill in handling prisoners mandatory" when, in fact, handling prisoners was a minor aspect of the total court officer function. Plaintiff sought monetary and injunctive relief, attorney fees and costs.

Defendant McCann filed a motion for summary judgment under GCR 1963, 117.2(1), arguing that plaintiff's complaint failed to state a claim for sex discrimination because she admitted in her complaint that she was unqualified for the court officer position. Defendant McCann also argued that plaintiff's failure to join former 16th District Court Judge Gerald Conley was a fatal defect requiring dismissal of plaintiff's action under GCR 1963, 205.2 and 205.3. The circuit court granted defendant McCann's motion, ruling that as a matter of law plaintiff was unqualified for the position of

court officer and, therefore, plaintiff had failed to state a claim upon which relief could be granted. The circuit court also granted defendant City of Livonia's motion for summary judgment, finding that plaintiff had failed to state a claim against the city as the employees of the district court are employees of the judicial district and not employees of the city.

A motion for summary judgment for failure to state a claim, GCR 1963, 117.2(1), tests the legal sufficiency of the pleadings alone. The factual allegations made in the complaint must be presumed true along with any inferences or conclusions which may be fairly drawn from them. Unless the claim is so unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should not be granted. *Romeo v Van Otterloo,* 117 Mich App 333, 337; 323 NW2d 693 (1982).

We believe that the circuit court improperly granted defendant McCann's motion for summary judgment under GCR 1963, 117.2(1). Plaintiff alleged that she applied for an available position for which she was qualified but was rejected on the basis of her sex. Plaintiff's complaint alleged a prima facie case of discrimination under the Elliott-Larsen Civil Rights Act, MCL 37.2202; MSA 3.548(202). See *Texas Dep't of Community Affairs v Burdine,* 405 US 248, 253; 101 S Ct 1089; 67 L Ed 2d 207 (1981); *Clark v Uniroyal Corp,* 119 Mich App 820, 824-825; 327 NW2d 372 (1982). Plaintiff's complaint clearly alleged that she was qualified for the court officer position. Therefore, summary judgment was inappropriate under GCR 1963, 117.2(1).

On appeal, defendant McCann argues that, even if summary judgment was inappropriate under GCR 1963, 117.2(1), it would be appropriate under

GCR 1963, 117.2(3). Defendant relies on plaintiff's answers to defendant's requests for admissions. In her answers, plaintiff admitted that, when she applied for the position of court officer, she did not have six months law enforcement experience, did not have experience handling court dockets, and did not have prior experience in handling prisoners. However, plaintiff asserted in her answer that she had the equivalent of six months law enforcement experience through her education and practical experience as a legal assistant. She further asserted that she possessed the requisite skill to handle prisoners and ability to organize court dockets. While it would be improper for the court to consider plaintiff's admissions under GCR 1963, 117.2(1), plaintiff's admissions may be considered under GCR 1963, 117.2(3). However, we do not believe that, on the basis of plaintiff's admissions, summary judgment would be appropriate under GCR 1963, 117.2(3). Plaintiff's admissions do not make it impossible for plaintiff's claim that she was qualified for the court officer position to be supported at trial. Rather, plaintiff's admissions raise a question of fact which would make summary judgment inappropriate.

Defendant McCann's argument, that plaintiff's failure to join former Judge Conley is a fatal defect, is without merit. Even if Judge Conley is a person described in GCR 1963, 205.1 such that his presence is required to permit the court to render complete relief, the plaintiff's failure to join him initially is not fatally defective. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 546, 549.

We next consider plaintiff's appeal from the circuit court order granting defendant City of Livonia's motion for summary judgment. Plaintiff argues that she has stated a claim against the city

as employer or alternatively on joint tortfeasor or vicarious liability theories. We believe that the circuit court correctly found that plaintiff had failed to state a claim against the city.

As the district control unit, the City of Livonia is responsible for maintaining, financing and operating the district court. MCL 600.8104; MSA 27A.8104. However, in *Judges of 74th Judicial Dist v Bay County,* 385 Mich 710, 723; 190 NW2d 219 (1971), the Supreme Court held that the employees of the district court are employees of the judicial district and not employees of the district control unit, even though the employees are paid by the district control unit.

More importantly, contrary to plaintiff's assertion in her complaint, the City of Livonia does not have the responsibility or authority to hire court employees or personnel. MCL 600.8217(1); MSA 27A.8271(1) provides that the "judges of the district court *shall* appoint the employees" of the district court. Thus, the hiring of employees is the responsibility of the judges of the district court. Plaintiff cannot establish the city's liability based on joint tortfeasor or vicarious liability theories. The test of whether an agency has been created is whether there is a right to control the actions of the agent. *Mallory v Conida Warehouses, Inc,* 113 Mich App 280, 285; 317 NW2d 597 (1982). It is the district judges' responsibility to hire court employees. MCL 600.8271(1); MSA 27A.8271(1). Under this statute, Judge McCann cannot be considered subject to the control of the City of Livonia, and thus is neither an employee nor an agent of the City of Livonia. Moreover, the City of Livonia could not delegate this responsibility to Judge McCann, since it never possessed the responsibility. Consequently, the City of Livonia cannot be a

joint tortfeasor with Judge McCann according to plaintiff's allegations.

Relying on *Kain v Michigan,* 109 Mich App 290; 311 NW2d 351 (1981), plaintiff argues that the City of Livonia has the ultimate responsibility for hiring a court officer. In *Kain,* this Court held that, while the employer is the judicial district, the cost of operating the judicial district, including workers' compensation benefits, is to be paid by the district control unit. However, even though the City of Livonia is ultimately responsible for financing the operation of the district court, the city cannot be considered ultimately responsible for the hiring of a court officer. This responsibility is specifically given to the district judge. MCL 600.8271(1); MSA 27A.8271(1).

Plaintiff argues that defendant City of Livonia is a real party in interest which must necesssarily be joined in the lawsuit under GCR 1963, 205.1. Defendant City of Livonia correctly argues that, since its role in this litigation is merely a financial role, it is not a necessary party. The City of Livonia has a statutory duty to pay the cost of financing the 16th District Court, which would include any judgment plaintiff might recover against Judge McCann or the 16th Judicial District. Plaintiff's argument that defendant City of Livonia is a necessary party for equitable relief is erroneous because the city has no control over the hiring practices of the court. Plaintiff fails to state a claim upon which relief could be granted and summary judgment was properly granted under GCR 1963, 117.2(1).

The circuit court order granting defendant City of Livonia's motion for summary judgment is affirmed. The order granting defendant McCann's motion is reversed. We do not grant plaintiff's request that on remand this case be assigned to a

different trial judge as we believe plaintiff must first present this issue to the trial judge under GCR 1963, 912.

Reversed in part and affirmed in part.