*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HOME TITLE CONNECT LLC, doing business as
TITLE CONNECT,

      Plaintiff-Appellant,

v

MILL CREEK LLC, VAIL INVESTMENT GROUP
LLC, SIERRA SERVICES GROUP LLC, DANNY
NEWBERRY, and JEFF A. CARTER,

      Defendants-Appellees.

UNPUBLISHED
November 20, 2024
11:11 AM

No. 367033
Genesee Circuit Court
LC No. 23-118551-CB

Before: K. F. KELLY, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

Plaintiff, Home Title Connect LLC, doing business as Title Connect, appeals as of right the trial court's order granting defendant Mill Creek's motion for summary disposition. Plaintiff on appeal also challenges the trial court's denial of its motion for reconsideration and the court's prior dismissal of the other defendants, Vail Investment Group LLC, Sierra Services Group LLC, Danny Newberry and Jeff A. Carter, for lack of personal jurisdiction. For the reasons provided below, we affirm.

## I. FACTS

This action arises from a real estate transaction for two parcels of property located in Genesee County. In the October 27, 2021 purchase agreement, the initial purchaser of the property was listed as nonparty individual Rajesh Kumar, the seller was Mill Creek LLC, and the purchase price was $3,300,000. Kumar apparently later assigned his rights as the purchaser to nonparty Mongia Capital Michigan LLC. Plaintiff was selected, presumably by Mongia, to act as the escrow agent and title company for the transaction. Mill Creek agreed to pay "[g]eneral real estate taxes and special assessments relating to the Property payable during the year in which Closing occurs," which was to "be prorated with respect to the Property as of the date before the Date of Closing." The members of Mill Creek, which were Vail Investment Group LLC (Vail) and Sierra Services

-1-

Group LLC (Sierra),[1] authorized Danny Newberry to sign and execute any necessary documents related to the sale of the property.

In anticipation of closing, plaintiff filled out an ALTA Seller's Settlement Statement. One of the items to be listed was the payment of the 2021 summer taxes. Because the information from the treasurer was not available at the time the form was filled out, plaintiff entered a placeholder of $1 for each of the parcels. The real estate transaction closed on December 28, 2021, without any updates for the taxes. Contrary to the $1 amounts reflected in the settlement statement, the amount of 2021 summer taxes owed was in excess of $70,000.[2] At some point afterward, this discrepancy in the taxes was discovered, and a demand was made to Mill Creek to pay the owed taxes, but Mill Creek refused. In October 2022, plaintiff paid the delinquent taxes.

Plaintiff filed suit against defendants. The complaint initially was filed in Oakland Circuit Court, but the parties agreed to transfer the case to Genesee Circuit Court. Plaintiff alleged five counts: Count I–Breach of Contract, Count II–Implied Indemnity at Common Law, Count III–Tort Liability, Count IV–Common Law & Statutory Conversion, and Count V–Fraudulent Conveyance Doctrine.

For Count I, plaintiff alleged that defendants were obligated to pay the 2021 summer taxes and were obligated to deliver the warranty deed to the purchaser free and clear of all liens and encumbrances, yet failed to do so. For Count II, plaintiff alleged that under the common law, defendants were liable to plaintiff for indemnification because defendants, not plaintiff, were at fault for failing to reimburse plaintiff for their tortious conduct. In Count III, plaintiff alleged that defendants had a duty to disclose to plaintiff that they had not paid the 2021 taxes and that they breached that duty. In Count IV, plaintiff alleged that defendants' intentional retention of the money at issue constitutes both common law and statutory conversion. Finally, for Count V, plaintiff alleged that under the fraudulent conveyance doctrine, defendants were liable to plaintiff for the transfers from the entity defendants to the member defendants.

On May 3, 2023, Vail, Sierra, Newberry, and Carter (collectively, "the member defendants") moved for dismissal for lack of personal jurisdiction under MCR 2.116(C)(1). The member defendants noted that Vail is a Colorado company with no ties to Michigan and that Sierra is a Wyoming company with no ties to Michigan. Further, both Newberry and Carter resided in Colorado and had no property, operations, or business in Michigan. The member defendants maintained that they were not parties to the purchase agreement and, as such, had no substantial contacts with Michigan. They were either members of Mill Creek or members of the members of Mill Creek. They argued that jurisdiction was not proper under Michigan's long-arm statutes or under concepts of due process. In response, plaintiff argued that because Mill Creek certainly was

---

[1] Danny Newberry signed the resolution on behalf of Vail, and Jeff A. Carter signed the resolution on behalf of Sierra.

[2] Plaintiff later conceded that because of when the taxes were due and when the closing occurred, the buyer and seller were each responsible for approximately 50% of the taxes owed.

conducting business in Michigan, then its members (and the members of those members) were as well.

The trial court ruled from the bench in favor of the member defendants. The trial court ruled that because the term "transaction" in Michigan's long-arm statutes are to be construed very broadly, the member defendants met the statutory requirements. But the trial court nonetheless ruled that because of the lack of quality of the contacts (the member defendants were not acting for themselves during the transaction), the contacts were not substantial enough to satisfy due process, and it granted the motion to dismiss on the basis of a lack of personal jurisdiction.

In a separate motion, Mill Creek also moved under MCR 2.116(C)(8) and (10) for summary disposition of plaintiff's five claims.[3] Mill Creek argued that with there being no contract between it and plaintiff, and with plaintiff not being a third-party beneficiary of the contract, the Count I breach-of-contract claim fails as a matter of law. Regarding Count II's implied-indemnity claim, Mill Creek argued that such a claim fails because plaintiff must be without any fault to maintain a claim. With plaintiff acknowledging that it erroneously put the $1 amounts in the settlement statement, it cannot be said that plaintiff was without fault. For Count III, Mill Creek argued that any claim for tort liability fails because it had no duty to correct the errors of plaintiff. Mill Creek also argued that the tort claim fails under the economic-loss doctrine, which precludes actions in tort where a claimant seeks to recover economic damages resulting from a commercial transaction. In a separate section of its brief, Mill Creek maintained that because Mongia, as the purchaser, was responsible for a portion of the at-issue 2021 summer taxes, any of plaintiff's theories that survived summary disposition would apply against Mongia as well. Mill Creek therefore argued that should any of the claims survive the motion for summary disposition, Mongia must be joined to prevent prejudice to Mill Creek.

In response, plaintiff, in pertinent part, presented an assignment, which plaintiff suggested that purchaser, Mongia, assigned the claims to plaintiff. The assignment, however, assigned "only those claims that are against" Vail, Sierra, and Newberry. Thus, on its face, the assignment did not assign any claims Mongia had against Mill Creek.

The trial court again rendered its ruling from the bench. The trial court first noted that Mongia, as a necessary party, should have been added to the complaint. With respect to the breach-of-contract claim, the trial court noted that plaintiff was neither a party to the purchase agreement nor an intended beneficiary of that contract. Consequently, the trial court ruled that summary disposition was proper on this count for the failure to state a claim on which relief could be granted. With regard to the implied-indemnity claim, the trial court noted that such an action cannot lie when the plaintiff was at fault, however slightly. And, because plaintiff was actively negligent when it created the settlement statement and did not include the actual amount of owed taxes, plaintiff failed to state a claim on which relief could be granted. For the last remaining count of

---

[3] At the motion hearing, plaintiff's counsel agreed to withdraw Counts IV and V because those counts were no longer valid with the member defendants having been dismissed. As a result, those two claims are not at issue on appeal.

tort liability, the trial court ruled that because Mill Creek did not have a separate and distinct duty to plaintiff, the tort claim also failed to state a claim on which relief could be granted.

Plaintiff moved for reconsideration, arguing, among other things, that the trial court erred when it dismissed the action instead of adding Mongia as a party. Plaintiff further argued that it should be allowed to amend the complaint to add Mongia as a party, that Mill Creek was aware of the 2021 delinquent taxes and was negligent, and that there is a genuine question of fact whether Mill Creek acted in bad faith and was unjustly enriched. Mill Creek primarily responded that adding Mongia as a party would not cure any legal deficiencies. In a written opinion and order, the trial court denied the motion for reconsideration. The trial court ruled that adding Mongia as a party would not cure the legal deficiencies in plaintiff's claims, making amendment futile.

## II. PERSONAL JURISDICTION

We first consider plaintiff's challenge to the trial court's decision to dismiss the member defendants for lack of personal jurisdiction.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). This Court also reviews whether a court possesses personal jurisdiction over a defendant de novo. *Yoost v Caspari*, 295 Mich App 209, 219; 813 NW2d 783 (2012).

## A. THIS COURT'S JURISDICTION TO HEAR APPEAL

But before we address that issue raised by plaintiff, we will address the member defendants' contention that this Court lacks jurisdiction to hear this portion of plaintiff's appeal. Whether this Court has subject-matter jurisdiction over an appeal is reviewed de novo. *New Covert Generating Co, LLC v Covert Twp*, 334 Mich App 24, 45-46; 964 NW2d 378 (2020).

The member defendants aver that the order dismissing the member defendants was a final order and that because plaintiff did not appeal that order within 21 days, this Court lacks jurisdiction. We disagree. MCR 7.203(A) governs appeals of right and provides:

> The court has jurisdiction of an appeal of right filed by an aggrieved party from the following:
>
> (1) A final judgment or final order of the circuit court, or court of claims, as defined in MCR 7.202(6) . . . .

MCR 7.202(6)(a), in turn, defines a "final judgment" or "final order" in a civil case, in pertinent part, as including:

> (*i*) the first judgment or order that disposes of all the claims and adjudicates the rights and liability of all the parties, including such an order entered after reversal of an earlier final judgment or order[.]

The undisputed facts are that the trial court dismissed the member defendants in an order entered on May 17, 2023. Contrary to the member defendants' suggestion, this May 17 order is

-4-

not a final order under the court rules.  In other words, that order was not the first order to "dispose[] of *all* the claims and adjudicate[] the rights and liabilities of *all* the parties."  MCR 7.202(6)(a)(*i*) (emphasis added).  While the order disposed of the claims against the member defendants, there remained pending claims against Mill Creek.  Therefore, no party could have taken an appeal of right from that order.  Moreover, although not contested by any party, we note that plaintiff timely filed the claim of appeal from the final order that granted Mill Creek's motion for summary disposition.  Importantly, when a party appeals as of right a final order, that party is free to challenge any orders that preceded that final order.  *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009).  Thus, we have jurisdiction to hear the entirety of plaintiff's appeal.

## B.  ABANDONMENT OF ISSUE

Plaintiff argues that the trial court erred when it ruled that it lacked personal jurisdiction over the member defendants.

When reviewing a motion brought under MCR 2.116(C)(1), courts consider the pleadings and any documentary evidence submitted in a light most favorable to the nonmoving party.  *W H Froh, Inc v Domanski*, 252 Mich App 220, 225-226; 651 NW2d 470 (2002), citing MCR 2.116(G)(5).

> Before a court may obligate a party to comply with its orders, the court must have in personam jurisdiction over the party.  Jurisdiction over the person may be established by way of general personal jurisdiction or specific (limited) personal jurisdiction.  The exercise of general jurisdiction is possible when a defendant's contacts with the forum state are of such a nature and quality as to enable a court to adjudicate an action against the defendant, even when the claim at issue does not arise out of the contacts with the forum.  When a defendant's contacts with the forum state are insufficient to confer general jurisdiction, jurisdiction may be based on the defendant's specific acts or contacts with the forum.  [*Oberlies v Searchmont Resort, Inc*, 246 Mich App 424, 427; 633 NW2d 408 (2001) (citations omitted).]

The Legislature has enacted long-arm statutes to allow a court to take jurisdiction over nonresident individuals and corporations under theories of general and specific jurisdiction.  MCL 600.701 (general personal jurisdiction for individuals); MCL 600.705 (limited personal jurisdiction for individuals); MCL 600.711 (general personal jurisdiction for corporations); MCL 600.715 (limited personal jurisdiction for corporations).

> When analyzing whether it is proper to exercise personal jurisdiction over a defendant, we must determine whether the defendant's conduct falls with a provision of a Michigan long-arm statute and whether the exercise of jurisdiction comports with due process.  Long-arm statutes delineate the nature, character, and types of contacts that must exist to exercise personal jurisdiction.  Due process restricts permissible long-arm jurisdiction by defining the quality of contacts necessary to justify the exercise of personal jurisdiction over a defendant. [*Oberlies*, 246 Mich App at 427-428 (citations omitted).]

In other words, "[d]ue process restricts permissible long-arm jurisdiction by defining the quality of contacts necessary to justify personal jurisdiction under the constitution." *W H Froh*, 252 Mich App at 227.

With the individual member defendants residing outside of Michigan, and with the corporate member defendants being created under laws of other states and not carrying on any continuous business in this state, there is no contention that the general jurisdiction statutes, MCL 600.701 and MCL 600.711, apply to any of them.

The trial court determined that the limited-jurisdiction long-arm statutes, MCL 600.705 and MCL 600.715, applied to the member defendants. But the trial court, after conducting a lengthy due-process analysis, ruled that there were not adequate contacts to allow limited jurisdiction. Plaintiff in its brief on appeal does not address the due-process analysis. Instead, plaintiff relies solely on the fact that jurisdiction was proper under the long-arm statute.[4] This is an unhelpful argument because the trial court agreed that the requirements of the long-arm statutes were satisfied. But plaintiff does not address the due-process part of the trial court's analysis. The closest plaintiff comes to doing so is when he quotes from *Green v Wilson*, 455 Mich 342, 350; 565 NW2d 813 (1997), the following:

> "The long-arm statute is coextensive with due process insofar as the statute is limited by due process, and, therefore, the statute and due process share the same outer boundary."

Although not articulated by plaintiff, we are left to presume that plaintiff is interpreting this above principle as being that because the long-arm statute is coextensive with due process, if the long-arm statute is satisfied, then due process also must be satisfied. But while the long-arm statute and due process "share the same outer boundary," that does not mean that if the long-arm statute is satisfied, then due process necessary is satisfied as well. Indeed, in *Green*, the case that plaintiff quotes, our Supreme Court clearly explains:

> The coextensive nature of Michigan's long-arm jurisdiction becomes pertinent only if the particular acts or status of a defendant first fit within a long-arm statute provision. As the *Mallory* Court[5] implicitly concluded, *this does not mean that the two are equal and require a single inquiry* based solely upon due process restrictions.
>
> The provisions enumerated in [MCL 600.705] would be superfluous if the Legislature intended that any activity that is constitutional also satisfy a long-arm

---

[4] We also note that plaintiff only relies on MCL 600.715, which pertains to corporations. Plaintiff never cites MCL 600.705, which would be relevant for the individual member defendants, Newberry and Carter. Thus, even if plaintiff had not abandoned the issue in total, we would deem the issue abandoned with respect to individual defendants Newberry and Carter. See *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002).

[5] *Mallory v Conida Warehouses, Inc*, 113 Mich App 280; 317 NW2d 597 (1982).

-6-

statute. Furthermore, the Michigan Legislature could have written language into the statutes that confers jurisdiction to the broadest limits of due process, as other states have done. It chose not to do so. [*Id*. at 350-351 (emphasis added).]

*Green* further reinforced the dual aspects of the analysis by stating, "The State of Michigan may exercise limited personal jurisdiction over [the defendant] if two conditions are met: First, [the defendant's] conduct must fall within a provision of Michigan's long-arm statutes. Second, the exercise of jurisdiction must comport with due process." *Id*. at 351; see also *Oberlies*, 246 Mich App at 432 (holding that although the defendant's conduct satisfied the long-arm statute, personal jurisdiction was wanting because it did not comport with due process). Consequently, there is no doubt that both aspects must be satisfied for personal jurisdiction to exist in Michigan.

But as noted before, plaintiff ignores the due-process analysis. Because the trial court determined that it was this due-process requirement that was lacking, plaintiff has abandoned the issue by failing to address that ruling.[6] See *Redmond v Heller*, 332 Mich App 415, 449; 957 NW2d 357 (2020) (stating that the failure to address the basis of a trial court's ruling results in the issue being abandoned on appeal).

## III. UNJUST ENRICHMENT

Plaintiff argues that the trial court erred by granting Mill Creek's motion for summary disposition because plaintiff has stated a claim for unjust enrichment.

An issue is preserved for appellate review if it is raised before or decided by the trial court. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Plaintiff never asserted in the trial court that its complaint alleged a claim of unjust enrichment. First, no such count in the complaint is labeled as a claim for unjust enrichment.[7] Second, when opposing Mill Creek's motion for summary disposition—which sought summary disposition on "each and every count of the Complaint" and identified the counts as being breach of contract, implied indemnity, tort liability, conversion, and fraudulent conveyance—plaintiff never asserted that there was a claim for unjust enrichment. Further, when responding to defense counsel's arguments at the

---

[6] Although plaintiff used the words "due process" in its briefs on appeal, it never articulated an argument that addressed the trial court's analysis. Instead, this Court must speculate that plaintiff's position is that because the long-arm statues are satisfied, then due process also is satisfied. As already explained, that argument is without merit. We decline to address the issue any further. See *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008) ("[C]ourts are not the research assistants of the litigants . . . ."); *Seifeddine v Jaber*, 327 Mich App 514, 521; 934 NW2d 64 (2019) ("Plaintiff cannot leave it to this Court to make his arguments for him."); *Cheeseman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015) ("An appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims . . . .").

[7] Of course, the gravamen of a complaint is not necessarily determined by the labels used by a party, *Brendel v Morris*, 345 Mich App 138, 149; 4 NW3d 776 (2023), but those labels are relevant to whether a plaintiff ever asserted that such a claim existed.

motion hearing, plaintiff's counsel never suggested that there was a claim of unjust enrichment to consider. On appeal, plaintiff relies on the following portion of its argument:

> So we believe that the -- there was a duty of the buyer, pardon me, the seller to disclose that the agent -- title agent closer was making a mistake. They acted in bad faith. Clearly, they acted in bad faith, Judge. I mean they took the money, they dispersed it to their limited member -- limited liability members that I had named as defendants in the case and then those members in turn dispersed the money to their individual members. They got a windfall. *They have been unjustly enriched.* They breached their duty in good faith. [Emphasis added.]

This singular, passing comment is inadequate to stand for the proposition that plaintiff was asserting a claim of unjust enrichment in its complaint. The commentary was in the context of plaintiff's assertion that defendants' actions breached a duty of good faith. Indeed, immediately after this comment, plaintiff's counsel continued:

> And if you allow us to . . . provide the Court with an amended assignment and if Your Honor wants us to amend the complaint to recite that? But those allegations -- if we amend the complaint and have this assignment to be against the seller, *it's going to be exactly the same allegations you have there, Judge, that there is a contract, they breached the purchase agreement itself, they breached the owner's statement, they breached the seller -- the settlement statement, and they acted in bad faith.* [Emphasis added.]

Significantly, when plaintiff's counsel is recapping the "same allegations" that will exist in an amended complaint, there is no mention of a claim of unjust enrichment.

Therefore, given the above, we hold that this issue is not adequately preserved for appellate review. Further, because plaintiff never asserted that there was a claim for unjust enrichment, under Michigan's "raise or waive" rule, the issue is waived, and we decline to consider it. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 4-5.

## IV. BREACH OF CONTRACT

Plaintiff next argues that the trial court erred when it granted summary disposition on the breach-of-contract claim in favor of Mill Creek. We again disagree.

Although Mill Creek had moved for summary disposition under both MCR 2.116(C)(8) and (10), the trial court granted the motion on the basis of MCR 2.116(C)(8).[8] "A motion for

---

[8] The trial court held that "summary disposition is granted to count one for failure to state a claim." This verbiage is consistent with text from MCR 2.116(C)(8), which provides that summary disposition is appropriate when "[t]he opposing party has vailed to state a claim on which relief can be granted." See also *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 N2d 665

summary disposition brought under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone. The purpose of such a motion is to determine whether the plaintiff has stated a claim upon which relief can be granted. The motion should be granted if no factual development could possibly justify recovery." *Beaudrie v Henderson*, 465 Mich 124, 129-130; 631 NW2d 308 (2001).

To prove a claim for breach of contract, a plaintiff must show "(1) there was a contract, (2) the other party breached the contract, and (3) the breach resulted in damages to the party claiming breach." *Bank of America, NA v First American Title Ins* Co, 499 Mich 74, 100; 878 NW2d 816 (2016). Plaintiff concedes that it is not an intended third-party beneficiary to the purchase agreement. On appeal, plaintiff's sole argument related to this issue is that the trial court ignored the assignment it submitted in response to the motion for summary disposition. This argument is unavailing. At the outset, the assignment is not contained in the pleadings and therefore is not a proper consideration for a motion brought under MCR 2.116(C)(8). See *Beaudrie*, 465 Mich at 129. Moreover, even if plaintiff were allowed to amend the pleadings to include the assignment, see MCR 2.118(A)(2) (stating that leave to amend a pleading "shall be freely given when justice so requires"); *Hakari v Ski Brule, Inc*, 230 Mich App 352, 355; 584 NW2d 345 (1998), the result does not change because, as previously discussed, the plain terms of the assignment do not assign to plaintiff any claims Mongia may have had against Mill Creek. Thus, plaintiff's claim fails for the simple reason that there is no contract between it and Mill Creek and there is nothing allowing plaintiff to assert such a claim on behalf of Mongia.[9]

## V. MOTION FOR RECONSIDERATION

Plaintiff argues that the trial court erred by denying its motion for reconsideration. Specifically, plaintiff contends that contrary to the trial court's finding that Mongia was a necessary party, no joinder was needed because Mongia had assigned its claims to plaintiff, making plaintiff the proper party in interest.

A trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion. *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000). A court

---

(2019) (stating that "[a] motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim," while a motion under MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim").

[9] We stress that plaintiff does not present any other argument on appeal related to the breach-of-contract claim. Further, unlike its assertions in the trial court, plaintiff on appeal does not suggest that it could obtain a revised assignment that assigns claims against Mill Creek. Indeed, even after more than a year after the court ruled on the motion for summary disposition, plaintiff has not produced a new assignment.

We also note that plaintiff in its brief on appeal makes references to some of its other claims, such as negligence and indemnification, but plaintiff abandoned those arguments by failing to list them in the statement of the questions presented. See MCR 7.212(C)(5); *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 221; 761 NW2d 293 (2008).

abuses its discretion when it chooses an outcome falling outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

We note that the particular issue raised in plaintiff's statement of the question presented does not coincide with the argument it presents. Plaintiff's statement of the question presented challenges the trial court's determination that amending the complaint to add Mongia as a party would be futile on account that adding Mongia does not change any legal theories. But plaintiff's argument for this issue does not address futility. Indeed, plaintiff's primary argument on appeal is that Mongia was not a necessary party to add because Mongia had assigned its claims to plaintiff. In other words, plaintiff asserts that with the assignment, it is the party of interest and there is no need to add Mongia.

Consequently, we could deem the entire issue abandoned. First, the issue of futility is abandoned because no argument was presented. See *Froling v Carpenter*, 203 Mich App 368, 373; 512 NW2d 6 (1993). Second, whether the assignment obviated the need to add Mongia is abandoned because it is not contained in the statement of the questions presented. See MCR 7.212(C)(5); *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 221; 761 NW2d 293 (2008). In any event, it is clear that any reliance on the assignment is wholly misplaced. At the time of the motion for reconsideration, only Mill Creek was left as a defendant. Significantly, the assignment assigns no claims against Mill Creek. Therefore, the assignment carries no legal relevance, and plaintiff has not shown how the trial court abused its discretion when it denied plaintiff's motion for reconsideration.

## VI. CONCLUSION

There being no errors warranting relief, we affirm.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan

-10-