## CLARK v UNIROYAL CORPORATION

Docket No. 60470. Submitted June 24, 1982, at Detroit.—Decided September 23, 1982.

Plaintiff, William Clark, a black male, brought an action in the Wayne Circuit Court alleging that he began working for defendant Uniroyal Corporation about April 9, 1966, as an assistant manager in defendant's employee store. In April of 1974, when the manager of the employee store became disabled, plaintiff took over the manager's duties in addition to continuing his own work. Subsequently, plaintiff was advised that he would be promoted to the position of store manager effective October 31, 1974. Plaintiff alleged that he was not only not awarded the promotion but was demoted to an hourly employee effective December 9, 1974, and then laid off effective December 12, 1974. Plaintiff alleged in his complaint that similarly situated white employees were promoted and permitted to continue their employment with defendant. In its motion for summary judgment, defendant contended that it had a legitimate nondiscriminatory reason for its actions toward plaintiff. According to defendant, late 1974 was a time of massive reduction in its workforce, during which 800 employees were laid off and 300 others were transferred. Defendant indicated that it had an employment policy that prohibited employees from moving up in pay grade during a workforce reduction. Defendant claimed that the workforce reduction necessitated that one person be laid off from the Industrial Relations Department, of which plaintiff was a part. Defendant alleged that plaintiff was laid off despite the fact that he had more seniority than another white department employee for the reason that plaintiff would have had to have been awarded a promotion to replace that employee. Defendant contended that the rule prohibiting "upward bumps" was applied evenhandedly and submitted affidavits indicating that the rule had been used to the disadvantage of numerous white employees. The court, Michael L. Stacey, J.,

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

[2, 3] 15 Am Jur 2d, Civil Rights § 135.

[4] 15 Am Jur 2d, Civil Rights § 403.

granted summary judgment for defendant. Plaintiff appealed.
*Held:*

Once plaintiff has established a prima facie case of discrimination, the burden of proof shifts to the defendant to articulate a nondiscriminatory reason for his action. If the defendant gives such a reason, the burden shifts back to the plaintiff to show that the proffered reason was not his true reason, either by persuading the trier of fact that a discriminatory reason more likely motivated the defendant or by showing that the proffered reason is not worthy of credence. The plaintiff must put forth in his answer to the motion for summary judgment factual allegations to raise a triable issue of fact as to whether the proffered reason was a pretext once the defendant has articulated a nondiscriminatory reason for his actions in a motion for summary judgment. Plaintiff failed to make factual allegations raising the issue of whether or not defendant's reason for its action was genuine.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT — COURT RULES.

A motion for summary judgment on the ground that there is no genuine issue as to any material fact tests whether there is factual support for a claim and is to be tested by the pleadings, affidavits, depositions, admissions and other documentary evidence available to the court and is properly granted only where it is impossible for the claim asserted to be supported by evidence at trial (GCR 1963, 117.2[3]).

2. CIVIL RIGHTS — DISCRIMINATION — EVIDENCE.

A prima facie case of discrimination under the state and federal civil rights acts is established where the plaintiff proves by a preponderance of the evidence that he applied for an available position for which he was qualified and was rejected under circumstances giving rise to an inference of unlawful discrimination.

3. CIVIL RIGHTS — BURDEN OF PROOF.

Once a plaintiff has established a prima facie case of discrimination, the burden of proof shifts to the defendant to articulate a nondiscriminatory reason for his action; if the defendant gives such a reason, the burden shifts back to the plaintiff to show that the proffered reason was not his true reason, either by persuading the trier of fact that a discriminatory reason more likely motivated the defendant or by showing that the proffered reason is not worthy of credence.

4. CIVIL RIGHTS — SUMMARY JUDGMENT.

    The plaintiff in a civil rights case must put forth in his answer to a motion for summary judgment factual allegations to raise a triable issue of fact as to whether the proffered reason was a pretext once the defendant has articulated a nondiscriminatory reason for his actions in a motion for summary judgment.

*Walter A. Lucken,* for plaintiff.

*The Fishman Group* (by *Steven J. Fishman* and *Malcolm D. Brown*), for defendant.

Before: CYNAR, P.J., and N. J. KAUFMAN and P. R. MAHINSKE,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of summary judgment dismissing his cause of action for racial discrimination. Plaintiff had alleged that defendant, his former employer, discriminated against him in violation of both the Fair Employment Practices Act, MCL 423.301 *et seq.;* MSA 17.458(1) *et seq.,*[1] and the federal Civil Rights Act of 1964, 42 USC 2000e.

Plaintiff, a black male, alleged that he began working for defendant on or about April 9, 1966, as an assistant manager in defendant's employee store. In April of 1974, when the manager of the employee store became disabled, plaintiff took over the manager's duties in addition to continuing his own work. Subsequently, plaintiff was advised that he would be promoted to the position of store manager effective October 31, 1974. Plaintiff alleged that he was not only not awarded the promotion but was demoted to an hourly employee effective December 9, 1974, and then laid off effective

---

    * Circuit judge, sitting on the Court of Appeals by assignment.

    [1] The Fair Employment Practices Act has been superseded by the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.*

December 12, 1974. Plaintiff alleged in his complaint that similarly situated white employees were promoted and permitted to continue their employment with defendant.

In its motion for summary judgment, defendant contended that it had a legitimate nondiscriminatory reason for its actions toward plaintiff. According to defendant, late 1974 was the time of a massive reduction in its workforce, during which 800 employees were laid off and 300 others were transferred. Defendant indicated that it had an employment policy that prohibited employees from moving up in pay grade during a workforce reduction. Defendant claimed that the workforce reduction necessitated that one person be laid off from the Industrial Relations Department, of which plaintiff was a part. Plaintiff was laid off despite the fact that he had more seniority than another white department employee for the reason that plaintiff would have had to have been awarded a promotion to replace that employee. Defendant contended that the rule prohibiting "upward bumps" was applied even-handedly and submitted affidavits indicating that the rule had been used to the disadvantage of numerous white employees.

The summary judgment was granted pursuant to GCR 1963, 117.2(3). A motion under subsection 3 tests whether there is factual support for a claim, requiring a court to consider the pleadings, affidavits, depositions, admissions and other available documentary evidence. *Rizzo v Kretschmer*, 389 Mich 363; 207 NW2d 316 (1973); *Partrich v Muscat*, 84 Mich App 724, 730-731; 270 NW2d 506 (1978). Before judgment may be granted the court must be satisfied that it is impossible for the claim asserted to be supported at trial because of some deficiency that cannot be overcome. Since the mo-

tion has the limited function of determining whether material issues of fact exist, the court must carefully avoid making findings of fact under the guise of determining that no material issues of fact exist. *Partrich v Muscat, supra.*

Section 3 of the Fair Employment Practices Act[2] made it an unfair labor practice to discriminate in any matter related to employment because of race. Similarly, subchapter VI of the the Civil Rights Act of 1964, 42 USC 2000e *et seq.,* prohibits racial discrimination in employment. Both parties have relied extensively on federal decisions in constructing their respective arguments. We agree that federal precedent, although not binding upon our interpretation of the Fair Employment Practices Act, is persuasive in determining what the substantive law of racial discrimination in employment is. *Cf. Civil Rights Comm v Chrysler Corp,* 80 Mich App 368, 375, fn 4; 263 NW2d 376 (1977).

In *McDonnell Douglas Corp v Green,* 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973), the United States Supreme Court described the burdens and order of proofs in a discrimination case. Initially, the plaintiff bears the burden of establishing by the preponderance of the evidence that a prima facie case of discrimination exists. If the plaintiff succeeds, the burden then shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its actions. If the defendant is able to articulate such a reason, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons put forth by the defendant were not its true reasons but were a mere pretext for discrimination. *Id.* An initial prima facie case of discrimination is established when the plaintiff proves by a

---

[2] MCL 423.303; MSA 17.458(3).

preponderance of the evidence that he applied for an available position for which he was qualified but was rejected under circumstances giving rise to an inference of unlawful discrimination. *Texas Dep't of Community Affairs v Burdine,* 450 US 248, 253; 101 S Ct 1089; 67 L Ed 2d 207 (1981). Requiring a defendant to rebut the initial prima facie case serves to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext. *Id.* A plaintiff may succeed in establishing that the defendant's proffered reason was a pretext—that is, establishing that he was actually the victim of intentional discrimination—either directly by persuading the trier of fact that a discriminatory reason more likely motivated the employer or, indirectly, by showing that the proffered reason is not worthy of credence. *Burdine,* p 255. For example, the plaintiff might introduce evidence tending to show other discriminatory treatment by the defendant toward the plaintiff or other similarly situated employees or a general pattern of discrimination against such employees. *Boyd v Madison County Mutual Ins Co,* 653 F2d 1173, 1178 (CA 7, 1981).

The shifting burden of proof in an employment discrimination case does not preclude the granting of summary judgment based upon the absence of a genuine issue of material fact. In its motion for summary judgment, defendant assumed, for the sake of argument, that an initial prima facie case was made out. Plaintiff contends on appeal that once such a prima facie case is posited, the case must be submitted to the trier of fact regardless of the nature of the employer's proffered explanation and whether that reason is rebutted by evidence that it is pretextual. We disagree. Once a defen-

dant presents a legitimate nondiscriminatory reason rebutting a plaintiff's prima facie case of discrimination, even if it is in the context of a motion for summary judgment, the plaintiff must put forth factual allegations to raise a triable issue of fact as to whether the proffered reasons were a mere pretext. *Meyer v California & Hawaiian Sugar Co,* 662 F2d 637 (CA 9, 1981). Thus, a plaintiff must present factual allegations allowing the inference that the defendant had a discriminatory reason that was more likely its true motivation or factual allegations that show the defendant's proffered reason was unworthy of credence. *Texas Dep't of Community Affairs v Burdine, supra.* The plaintiff must set forth specific facts showing that there is a genuine issue for trial; conclusory allegations are insufficient to rebut evidence of nondiscriminatory conduct. *Patmon v Van Dorn Co, Plastic Machinery Division,* 498 F2d 544, 547 (CA 6, 1974).

In the instant case, plaintiff presented no additional allegations beyond his bald assertion that defendant's employment policy was a pretext for discrimination. Plaintiff has not offered any factual allegations to support that claim. Defendant's employment policy of precluding upward promotions during periods of workforce reduction is obviously one designed to hold down labor costs during periods of declining revenues. By affidavit, defendant has indicated that the policy was applied even-handedly and has given numerous examples of white employees who were denied promotions or were demoted from their positions as salaried employees because of the policy. In his own deposition, plaintiff conceded that he knew of no instances where an employee was permitted to displace a person with a higher salary grade dur-

ing a workforce reduction. Moreover, in opposing defendant's motion, plaintiff has not alleged any facts to cast doubt upon the genuineness of the defendant's employment policy. Stated alternatively, plaintiff has not raised allegations to raise a triable issue of fact as to whether defendant's proffered reason for its actions was a mere pretext for racial discrimination. *Meyers v California & Hawaiian Sugar Co, supra.* See also *Chatman v United States Steel Corp,* 425 F Supp 753 (ND Cal, 1977). It is noteworthy that the summary judgment was granted approximately four years after plaintiff commenced suit. During the intervening period the parties have conducted ample discovery. In opposing the motion for summary judgment, plaintiff did not request the opportunity for additional discovery or otherwise argue that further discovery was needed.

Summary judgment in favor of defendant was appropriate. In effect, the trial court was satisfied that it would be impossible for plaintiff's claim of pretext to succeed at trial for complete lack of evidentiary support. There was no genuine issue of material fact as to whether actual discrimination existed, masked by the pretext of defendant's employment policy. Consequently, judgment for defendant as a matter of law was warranted.

Affirmed.