Diana **ESTRADA**, Plaintiff,

v.

**DONNELLY CORPORATION, d/b/a Donnelly Mirrors, Inc., Defendant.**

No. G86–683 CA6.

United States District Court, W.D. Michigan, S.D.

June 22, 1988.

Libner, Van Leuven & Kortering by Robert J. Van Leuven, Muskegon, Mich., Pinsky, Smith, Fayette, Soet & Hulswit by H. Rhett Pinsky, Grand Rapids, Mich., for plaintiff.

Varnum, Riddering, Schmidt & Howlett by E. Edward Palus and Myra L. Willis, Grand Rapids, Mich., for defendant.

## OPINION

MILES, Senior District Judge.

Plaintiff filed the present action alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Elliott–Larsen Act of 1976, Mich.Comp. Laws Ann. § 37.2101, *et seq.* Plaintiff was discharged from Donnelly within weeks after informing the defendant that she was pregnant. Plaintiff contends that she was discharged because of a medical condition related to her pregnancy. Defendant counters that plaintiff was terminated as a result of her excessive absenteeism, and that the decision to discharge her was made before defendant had any knowledge of plaintiff's pregnancy. Thus, defendant argues, plaintiff's pregnancy was not a consideration in the decision to terminate her employment.

Now before the Court is defendant's motion to dismiss or for summary judgment filed pursuant to Fed.R.Civ.P. 12(b)(6) and 56(b). Plaintiff has responded to the motion and both parties have submitted attachments for the Court's consideration.

Summary judgment is appropriate only in those instances where the documents tendered to the Court show that no genuine issues of material fact remain to be decided and where judgment may be entered as a matter of law. *United States v. Articles of Device,* 527 F.2d 1008 (6th Cir.1976). When a motion for summary judgment is made and properly supported, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In determining whether there are issues of fact requiring a trial, "the inferences to be drawn from the underlying facts contained

in the affidavits, attached exhibits, and depositions must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Even if the basic facts are not in dispute, summary judgment may be inappropriate when contradictory inferences may be drawn from them. *Id.; E.E. O.C. v. United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry, Local 189,* 427 F.2d 1091 (6th Cir.1970). The failure to state a claim under title VII precludes a successful action under Elliott–Larsen and *vice versa. Rabidue v. Osceola Refining Co.,* 584 F.Supp. 419, 426 (E.D.Mich.1984). Accordingly, the Court will use the time tested Title VII analysis to determine the motion *sub judice.*

▆ As a general rule, contracts for employment are terminable at will. *Toussaint v. Blue Cross & Blue Shield of Michigan,* 408 Mich. 579, 292 N.W.2d 880 (1980). However, an employer may not make employment decisions on the basis of sex, pregnancy, or pregnancy-related medical conditions. 42 U.S.C. § 2000e (k), 2000e–2(a); Mich.Comp.Laws Ann. § 37.2101 *et seq.*

Plaintiff claims that she was terminated as a result of her pregnancy. Plaintiff notes that her supervisor at Donnelly, Dave Chattha (Chattha) told her that he was planning to terminate her because of her "health problem" and absenteeism. Plaintiff admits that her absenteeism rate was high.[*] However, she contends that her August absences should not be included because two of the days she missed were pregnancy-related, and $\%_{10}$th of a day was missed as a result of a work-related skin rash. (See plaintiff's claims in joint status report signed on October 2, 1987 by both parties.) Plaintiff informed Chattha of her pregnancy on September 10, 1984. She was discharged on October 1, 1984.

---

[*] Plaintiff's absenteeism rate was 5.04%. Defendant arrived at an absenteeism percentage by multiplying the number of absences accumulated over a six month period by eight-tenths. A rate above 2.5% is considered high. (Defendant's brief at pgs. 2, 3). However, other criteria may be utilized to determine the severity of an absenteeism percentage. (Deposition of Chattha at Tr. 26).

Defendant contends it is entitled to summary judgment because Chattha had decided to terminate plaintiff prior to learning of her pregnancy. It is alleged that Chattha made this decision based on her absenteeism record. Thus, defendant contends that plaintiff cannot show that anyone at Donnelly knew that she was pregnant prior to, or at the time, the decision to terminate her was made. In support of this position, defendant cites the testimony of Chattha (deposition of Chattha at page 50), and the affidavit of William Melton, production manager at Donnelly. The Melton affidavit contains the following averment:

Late in the week of August 20–24, 1984, Mr. Chattha discussed with me the absentee problems of several employees in his department on first shift. Among them were Diana Estrada, Lisa Ferrell, Sue Betz and Sherry Smith. At that time, he indicated to me his intention to terminate all four employees starting with the person having the highest percentage, Ms. Estrada, and ending with the person having the lowest. He informed me at that time that because he was new in the department on that shift, he was hesitant to terminate all four at once, because of the possible morale effect on his employees and, therefore, he intended to terminate those employees sequentially.

(Affidavit of William Melton, exhibit to plaintiff's motion).

Defendant has also provided a memorandum from Bill Melton to Dave Chattha entitled "Your plan to deal with absenteeism," which states that Chattha informed Melton of his intention to terminate Diana Estrada, Lisa Ferrell, Sue Betz, and Sherry Smith. This memorandum is dated November 29, 1984. (See exhibits to defendant's motion). Defendant contends that these documents prove the decision to terminate Estrada was made prior to defendant's knowledge regarding her pregnancy. In addition, defendant also points out that Lisa Ferrell, and Sherry Smith, two of the other women slated for termination, were terminated. Neither of them was pregnant at the time of their termination, and both had better absenteeism records than plaintiff. Sue Betz, the fourth employee slated for termination was not terminated because her attendance record improved during the protracted firing plan instituted by Chattha. Defendant contends that since other non-pregnant employees with better attendance records were also fired, the undisputed evidence establishes that plaintiff was treated the same as similarly situated non-pregnant employees and thus she cannot show a *prima facie* case of sex-based discrimination.

In these matters, the initial burden is on the plaintiff to establish a *prima facie* case of sex-based discrimination. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (*Burdine*). Thereafter the burden shifts to the employer to articulate a legitimate, non-discriminatory reasons for the employment action taken. *Id.* Finally, the plaintiff has the opportunity to prove that the proffered reasons for the employment action are a pretext for sex-based discrimination. In this regard it is important to realize that the evidence introduced in establishing the *prima facie* case will be considered in determining whether the ultimate burden of proof has been met. *Id.* at 255, note 10, 101 S.Ct. at 1095, note 10; *Toney v. Block*, 705 F.2d 1364, 1367 (D.C.Cir.1983). In this matter plaintiff can establish a *prima facie* case by showing that she was a member of a protected class, that she was qualified for and performing the job which she held, and that she was terminated based on her pregnant condition. *Holthaus v. Compton & Sons, Inc.*, 514 F.2d 651 (8th Cir.1975); *Bowen v. Valley Camp of Utah, Inc.*, 639 F.Supp. 1199 (D.Utah 1986); *Conners v. University of Tennessee Press*, 558 F.Supp. 38 (E.D. Tenn.1982).

The shifting burden of proof does not preclude the granting of summary judgment in a discrimination in employment case. *Meyer v. California and Hawaiian Sugar Co.*, 662 F.2d 637 (9th Cir.1981); *Clark v. Uniroyal*, 119 Mich.App. 820 (1982). Once a legitimate non-discriminatory reason for the discharge is proffered, the plaintiff must present factual allega-

tions raising a triable issue of fact as to whether the proffered reasons were a pretext. *Id.* It is to be noted that the evidence offered in establishing a *prima facie* case will be considered, and in some instances may suffice, in determining the existence of triable issue of fact on the question of pretext. *Burdine, supra; Toney, supra.*

In this matter the employment policy requiring or allowing termination of employees with high levels of absenteeism was not well-formulated and not universally applied. (*See, Clark, supra,* where an employment policy prohibited employees from moving up in pay grade during a work force reduction.) Chattha's testimony shows that he was not aware of the exact company policies regarding absences, pregnancy-related illnesses, or work-related illnesses, prior to making his decision to discharge the plaintiff. (Deposition of Chattha at pps. 21, 22, 29, 37, 38). This *ad hoc* policy is further amplified by Chattha's decision to continue the employment of Sue Betz, which indicates that not all employees reaching a certain level of absenteeism are discharged, and that other factors may be considered. (See also Chattha deposition at p. 26) Finally, the evidence shows that Chattha knew of plaintiff's pregnancy before he discharged her. (Chattha deposition at p. 45).

Thus, while the non-discriminatory reason for discharge, *i.e.,* plaintiff's absenteeism, is plausible, the Court cannot be sure that plaintiff's pregnancy was not a factor in her discharge.

Apart from the noted absenteeism, plaintiff was performing her job adequately and was qualified to retain it. She is a member of a protected class, and her discharge occurred after a pregnancy-related absence during which defendant was informed of her condition. In addition, plaintiff contends that Chattha commented upon her "health" when terminating her. Chattha does not deny this allegation. (Deposition of Chattha at pps. 77 and 78). Consequently, plaintiff has presented both a *prima facie* case of sex-based discrimination and presented sufficient evidence to raise a

question of fact regarding pretext. Defendant's *post facto* assertions that the decision to terminate was made before Chattha's learning of plaintiff's pregnancy does not represent unrebutted evidence of that "fact" as alleged by the defendants. The documents offered in support were all created after the fact, in conjunction with defendant's reply to the Equal Employment Opportunity Commission inquiry. Thus, they do not prove that the decision to discharge was made before defendant knew of plaintiff's pregnancy. Under those circumstances, the assertion that plaintiff's pregnancy was not a factor in the decision to terminate, is not a proffered fact to be rebutted by the plaintiff, rather, it is an assertion requiring a credibility determination by the finder of fact.

Since the Court cannot determine whether plaintiff's pregnancy was a factor in defendant's decision to discharge her without making a credibility determination, summary judgment is precluded. Accordingly, defendant's motion for summary judgment is denied. The case will proceed to trial as scheduled.

IT IS SO ORDERED.