Laurence BROWN, Plaintiff,

v.

SPRINT, Defendant.

Civ. A. No. 94–70770.

United States District Court,
E.D. Michigan,
Southern Division.

July 14, 1995.

Gregory V. Murray, Bernice M. Tatarelli, Butzel Long, Detroit, MI, for Deborah Green.

Charles M. Lowther, Lowther & Schneider, Southfield, MI, for Laurence Brown.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Plaintiff Laurence Brown is seeking damages and other relief from defendant Sprint/United Management Company under the Michigan Handicappers' Civil Rights Act, MCLA § 37.1101, based upon the termination of his employment, allegedly due to the fact that plaintiff is HIV positive. Before the court is defendant's motion for summary judgment. Defendant contends that it had no knowledge of plaintiff's disease at the time of his discharge, and that plaintiff was fired because he repeatedly sexually harassed female co-workers. Pursuant to Local Rule 7.1(e)(2) (E.D.Mich., Jan. 1, 1992), the court has dispensed with oral argument and will decide the motion based upon the briefs submitted by the parties. For the reasons discussed below, the court will grant defendant's motion.

### I. Background

Plaintiff was an employee of GTE Telenet from February 1983 through 1986. In 1986, GTE Telenet merged with defendant, and plaintiff began working for defendant as a senior network engineer. In May 1990, plaintiff became a senior systems engineer.

In the fall of 1990, defendant received the first of two unsolicited complaints from female employees accusing plaintiff of sexual harassment. Plaintiff contends that both complaints are false. The 1990 complaint was brought forward by Susan Mees, who alleged that plaintiff engaged in inappropriate kissing of her neck, rubbing of her earlobes, and touching of her pelvic area. Plaintiff claims that he was merely demonstrating massage-therapy to an interested co-worker who had requested the demonstration.

After receiving the 1990 complaint, defendant conducted an extensive investigation of the charges. Two supervisors traveled from Chicago to Livonia, Michigan to conduct the investigation. Plaintiff, Mees, and several co-workers were interviewed. At the conclusion of the investigation, plaintiff was told by his supervisor, Andy Walla, that any future inappropriate behavior could result in his termination from the company.

Two years later, on October 8, 1992, defendant received a second formal complaint filed by one of plaintiff's co-workers. Deborah Greene alleged that plaintiff had touched her breast and patted her crotch area. Plaintiff denies that this event ever occurred. Defendant immediately began an investigation and placed plaintiff on suspension with pay. Again, plaintiff, Greene, and several co-workers were interviewed by Walla and a company human resources manager from Chicago. Following completion of the investigation, Robert Ball, who was Walla's supervisor, made a determination that there was a reasonable basis to believe that plaintiff had sexually harassed Greene. On October 26, 1992, Ball terminated plaintiff's employment. The parties are currently in agreement that plaintiff was an at-will employee.

On November 23, 1993, plaintiff filed a complaint in Wayne County Circuit Court against defendant and Greene alleging unlawful discharge, defamation, and reverse sex discrimination. The complaint was subsequently removed to this court. Plaintiff contended that Greene had falsely accused him of sexual harassment, and that defendant had wrongfully terminated him without substantial evidence of the harassment. In addition, plaintiff alleged that defendant treated him

differently than female employees by giving more credibility to accusations of sexual harassment brought by women. Subsequently, however, plaintiff agreed to dismiss his unlawful discharge, defamation, and reverse sex discrimination claims. His complaint was amended to add a single count for discrimination under the Michigan Handicappers' Civil Rights Act, MCLA § 37.1101.

Plaintiff now contends that defendant terminated him because he was HIV positive. Plaintiff alleges that he became aware that he had contracted the HIV virus in November 1990. As a result, plaintiff claims that the disease had a negative impact on his work performance and attendance. In addition, plaintiff alleges that the disease had several obvious physical symptoms which should have been apparent to defendant's management employees. Under these circumstances, plaintiff argues that his HIV positive status was the real reason for his termination and not the sexual harassment complaints as alleged by defendant.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

■ The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th

Cir.1990). However, the evidence must be more than the nonmovant's own pleadings. *Id.*

## III. Analysis

In its motion, defendant contends that plaintiff has failed to present a *prima facie* case of handicap discrimination. Defendant claims that plaintiff has presented no evidence to show that defendant had any knowledge of his HIV status. In addition, defendant argues that plaintiff has failed to bring forward any facts to show that the legitimate, non-discriminatory reason for the termination advanced by defendant—the sexual harassment complaints—was merely a pretext for discrimination. Based upon these contentions, defendant asserts that there are no genuine issues of material fact and that it deserves summary judgment.

In order to prevail in his Michigan handicap claim, plaintiff

> must first establish a *prima facie* case of handicap discrimination. [Defendant] will then have an opportunity to rebut the *prima facie* case by showing a legitimate, non-discriminatory reason for [plaintiff's] termination. Lastly, [plaintiff] will have a chance to demonstrate that [defendant's] proffered reason is merely a pretext for discrimination.

*Sherman v. Optical Imaging Sys., Inc.,* 843 F.Supp. 1168, 1177 (E.D.Mich.1994) (citing *Crittenden v. Chrysler Corp.,* 178 Mich.App. 324, 443 N.W.2d 412 (1989)).

■ In order to demonstrate a *prima facie* case of handicap discrimination, plaintiff must demonstrate the following: "(1) he is handicapped; (2) his handicap is unrelated to his ability to perform his job; (3) he was discharged; and (4) there is some evidence that the employer acted with discriminatory intent." *Id.* (citing *Dubey v. Stroh Brewery Co.,* 185 Mich.App. 561, 462 N.W.2d 758 (1990), *app. denied,* 437 Mich. 916 (1991)).

■ Under this standard, the court finds that plaintiff has failed to establish a *prima facie* case of handicap discrimination. Plaintiff has presented *no* evidence that defendant acted with discriminatory intent. In addition, plaintiff has admitted that he never told anyone at the company about his illness and that he was unaware of anyone who knew otherwise. During his deposition, plaintiff testified as follows:

Q. Has anyone at Sprint ever talked to you [about] being HIV positive?

A. No. No one is aware of it at my office that I'm aware of.

Plaintiff's dep. at 39. It appears that plaintiff's initial theory was that his health insurance company somehow informed defendant that he was HIV positive. In his response to defendant's motion, however, plaintiff has abandoned this theory.

In *Landefeld v. Marion General Hospital, Inc.,* 994 F.2d 1178, 1181 (6th Cir.1993), the Sixth Circuit found that a plaintiff had failed to establish a *prima facie* case of handicap discrimination where there was no evidence showing that the decision-maker had any knowledge of the plaintiff's condition. In this case, the manager who decided to fire plaintiff, Robert Ball, has testified that he did not know that plaintiff was HIV positive when he terminated him because of complaints of sexual harassment. Plaintiff has not disputed the fact that Ball was the sole decision-maker.

In response to defendant's motion, plaintiff alleges that employees at the company must have known that he had AIDS because of his deteriorating health condition and work performance. In support of this claim, however, plaintiff has failed to show that Ball, a personnel officer who worked out of defendant's Chicago office and not in the company's Michigan location with plaintiff, had any knowledge of plaintiff's health or work performance. Furthermore, in an affidavit attached to his response to defendant's motion, plaintiff alleges that he lost fifty pounds in 1992. He also argues in his brief that the fifty pound weight-loss should have been obvious to co-workers. However, plaintiff fails to mention in his affidavit, as he did during his deposition, that he only lost three or four pounds in 1992 before he was terminated in October 1992, and that the rest of his weight loss occurred after he was fired. In addition, plaintiff admitted at his deposition that his weight loss and many of his health problems

actually stemmed from diabetes and not from being HIV positive.

Plaintiff also attempts to rely upon a laundry list of problems at work—falling asleep on the job, arriving late, missing work, performing poorly for key clients—which he claims his managers must have realized were caused by AIDS, thus spurring them to come up with an excuse to terminate him.[1] However, the court finds that plaintiff is simply relying upon mere speculation to support his claim rather than any specific facts to show that defendant had a discriminatory intent when it fired him. Under these circumstances, plaintiff has failed to raise a genuine issue of material fact as to whether defendant acted with discriminatory intent.

■ Even assuming that plaintiff had established a *prima facie* case of handicap discrimination, the court finds that plaintiff has failed to present any evidence that defendant's articulated reason for his discharge, the two complaints of sexual harassment, was mere pretext for his termination. In order to show that defendant's reason was a pretext, plaintiff must bring forth specific factual allegations, and conclusory arguments are insufficient to rebut evidence of non-discriminatory conduct. *Clark v. Uniroyal Corp.,* 119 Mich.App. 820, 825–26, 327 N.W.2d 372 (1982).

In this instance, plaintiff contends that pretext is shown by defendant's failure to fully investigate the complaint brought by Greene in October 1992. Plaintiff alleges that the 1992 cursory investigation compares poorly to the full investigation that occurred as a result of the 1990 complaint, and thus demonstrates that defendant was simply cooking up an excuse to fire him because he was HIV positive.

The court finds, however, that there are no facts to indicate that there was any disparity between the two investigations. In both cases, plaintiff's supervisor and a company personnel officer traveled to Michigan to investigate the complaint. On each occasion, the alleged victim and plaintiff were interviewed along with several co-workers. In October 1992, managers even confronted the victim of the alleged harassment with plaintiff's claims that she flirted with him and asked him for a hug. Furthermore, plaintiff was fired seventeen days after the October 1992 complaint was filed and only after the completion of the company's investigation. Finally, plaintiff has not identified any witness that defendant did not interview that had any relevant facts to offer regarding the incident with Greene. Under these circumstances, plaintiff has failed to demonstrate that the October 1992 investigation of the complaint against him was flimsy, inadequate, or inferior to the 1990 investigation.

In sum, the court finds that plaintiff has failed to raise a genuine issue of material fact so as to rebut defendant's proffered non-discriminatory reason for the termination. As a result, the court will grant defendant's motion for summary judgment on this alternative basis.

### *ORDER*

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendant's motion for summary judgment is **GRANTED.**

**SO ORDERED.**

---

1. Plaintiff's assertions in his affidavit are belied by his repeated claims that his work for defendant was "excellent" and that he had a "prestigious status" in the company. In addition, plaintiff tries to rely upon the fact that Andy Walla, his supervisor who worked in the company's Chica-go office, twice asked plaintiff's wife whether he was alright. As the court has indicated, merely asking a co-worker's wife about his health does not amount to knowledge that the co-worker has AIDS.