68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ella N. LIGGINS, Plaintiff-Appellant,
v.
OHIO DEPARTMENT OF DEVELOPMENT; Donald Jakeway, Director;
Roberta Garber, Deputy Director; Sarah Ward,
Office Chief, Defendants-Appellees.
 No. 95-3405.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1995.
 
 Before: KRUPANSKY, BOGGS and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Ella N. Liggins appeals the summary judgment in favor of the defendants in this civil rights action brought under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e, et seq.), 42 U.S.C. Secs. 1981 and 1983, the Age Discrimination in Employment Act (ADEA) (29 U.S.C. Sec. 621, et seq.), and age discrimination in violation of equal protection under the Fourteenth Amendment of the United States Constitution. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Liggins, an African American woman over the age of 40, was employed by the Ohio Department of Development (DOD) as a Program Analysis Supervisor from November 19, 1989, until she was terminated on December 2, 1991. The record reveals that Liggins, who suffers from asthma and congenital heart disease, was frequently tardy or absent from work. Under DOD policy, employees are required to submit request for leave forms to their supervisors for all absences, whether for sick leave, vacation leave, or leave without pay. It is undisputed that Liggins frequently failed to follow DOD procedure regarding the submission of leave forms.
 
 
 3
 The following facts are also undisputed: 1) defendant Ward issued a verbal reprimand to Liggins on April 24, 1991, for an absence without leave; 2) defendant Ward issued a written reprimand to Liggins on May 20, 1991, for insubordination; 3) defendant Ward issued an order to Liggins on June 16, 1991, that Liggins take her lunch break between 11:00 a.m. and 2:00 p.m. rather than before or after; 4) DOD filed a successful motion with the Personnel Board of Review (PBR) to dismiss Liggins's appeal of "hold" status for lack of jurisdiction; 5) Liggins never filed paperwork requesting compensatory time and was never granted compensatory time by DOD; and 6) Liggins was terminated by DOD on December 2, 1991.
 
 
 4
 On June 23, 1993, Liggins filed her civil rights action in the United States District Court for the Southern District of Ohio. She claimed that the foregoing adverse actions taken against her by the defendants were motivated by racial, gender, and age bias rather than by legitimate business objectives. Liggins sought injunctive and monetary relief. On August 16, 1994, the defendants filed a motion for summary judgment and the district court granted summary judgment on March 21, 1995.
 
 
 5
 Upon review, we affirm the district court's judgment because there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir. 1994).
 
 
 6
 First, Liggins failed to establish a prima facie case of discrimination under Title VII. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Conners v. University of Tennessee Press, 558 F. Supp. 38, 40 (E.D. Tenn. 1982). Liggins failed to present any evidence that she was qualified to receive any of the benefits that were denied her by defendant Ward or DOD. Liggins did not dispute the defendants' assertion that she regularly failed to conform to DOD rules and policies. Liggins's own evidence, at most, suggests that there was some flexibility in DOD's enforcement of its rules. But she admitted that she also was an occasional beneficiary of that flexibility.
 
 
 7
 Even if Liggins had succeeded in establishing a prima facie case of discriminatory treatment, summary judgment was proper in this case because the defendants offered a legitimate, non-discriminatory reason for denying her certain benefits and for terminating her employment. As the district court correctly pointed out, the defendants offered ample evidence showing that Liggins's difficulty complying with DOD regulations was chronic and that Liggins was uncooperative, insubordinate and occasionally absent without leave. Liggins did not meet the burden of proving that the reasons for the defendants' decision to terminate her employment were pretextual. See Burdine, 450 U.S. at 254-56.
 
 
 8
 Second, Liggins failed to make a case of disparate impact because she failed to offer any evidence that DOD maintained any policies or practices that were applied unequally to employees on the basis of race, gender, or any other protected characteristic. See Rowe v. Cleveland Pneumatic Co., Numerical Control, Inc., 690 F.2d 88, 92 (6th Cir. 1982).
 
 
 9
 Third, Liggins failed to establish a prima facie case of retaliation because she failed to demonstrate that there was a causal relationship between the complaint alleging discrimination and the adverse action. See Canitia v. Yellow Freight Sys., Inc., 903 F.2d 1064, 1066 (6th Cir.) (per curiam), cert. denied, 498 U.S. 984 (1990); Wrenn v. Gould, 808 F.2d 493, 500 (6th Cir. 1987).
 
 
 10
 Fourth, because Liggins failed to offer evidence raising a genuine issue of material fact regarding elements of her discrimination case under Title VII, the district court properly found that Liggins failed to produce evidence sufficient to preclude summary judgment under Secs. 1981 and 1983. See Boutros v. Canton Regional Transit Auth., 997 F.2d 198, 202-03 (6th Cir. 1993); Risinger v. Ohio Bureau of Workers' Compensation, 883 F.2d 475, 483 (6th Cir. 1989); Murray v. Thistledown Racing Club, Inc., 770 F.2d 63, 69 (6th Cir. 1985).
 
 
 11
 Fifth, Liggins failed to establish a prima facie case of age discrimination. See Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 69 (6th Cir. 1982). The defendants have indisputably maintained that Liggins was not qualified to receive benefits denied her and that all withholding of benefits or disciplinary action taken against her were the result of the neutral application of DOD regulations and policy.
 
 
 12
 Lastly, DOD's policies regarding leave time, compensatory time, lunch and work hours were rationally related to the legitimate purpose of the efficient operation of DOD. DOD's discipline of Liggins for being absent without leave and for insubordination was also rationally related to this legitimate business purpose. It is a legitimate expectation of an employer that employees follow the direct orders of their superiors. Accordingly, the district court did not err in granting summary judgment in favor of the defendants on Liggins's Fourteenth Amendment claim.
 
 
 13
 The remaining arguments asserted on appeal are without merit.
 
 
 14
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.